IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| REZA HAGHIGI AHMADI, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-16-2454 |
| | § | |
| WILLIAM STEPHENS, ET AL., | § | |
| | § | |
| Defendants. | § | |

**ORDER OF DISMISSAL**

Plaintiff, a former state inmate, files this *pro se* section 1983 lawsuit seeking monetary damages against William Stephens[1] and the Texas Board of Pardons and Paroles ("the Board") for the denial of his release to mandatory supervision. The lawsuit will be dismissed for the reasons that follow.[2]

The Court reasonably construes plaintiff's complaint as raising claims against the defendants for the Board's denial of his release to mandatory supervision prior to May 2014. Although plaintiff informs the Court that "On Aug. 19, 2014. [*sic*] the U.S. District [C]ourt Western District of Texas Pecos Division invalidated the plaintiff's sentence" (Docket Entry No. 1, p. 2), plaintiff blatantly misstates the facts. The district court's judgment of August

---

[1] Because plaintiff refers to Stephend as "Director," the Court presumes that plaintiff intended to name William Stephens, Director, as a defendant. Plaintiff sues the Director in his official and personal capacity. (Docket Entry No. 1, p. 20.)

[2] Plaintiff also failed to comply with Rule 4 of the Federal Rules of Civil Procedure and did not serve summons on the defendants within 90 days after filing his complaint. *See also* Rule 4(c)(2). This lawsuit is subject to dismissal under Rule 4(m).

19, 2014, attached to plaintiff's complaint as Exhibit A, expressly *denied and dismissed* plaintiff's habeas petition. In its written order, also attached to the complaint as Exhibit A, the district court noted that because plaintiff had been released from incarceration, his habeas claims had become moot. No rulings on the merits of plaintiff's claims were made, nor was plaintiff's underlying sentence invalidated.

Regardless, plaintiff's claims for monetary damages against the Board and the Director in his official capacity are barred by the Eleventh Amendment. The Texas Board of Pardon and Paroles, a division of the Texas Department of Criminal Justice, is cloaked with Eleventh Amendment immunity. *See Voisin's Oyster House v. Guidry*, 799 F.2d 183, 186 (5th Cir. 1986). Moreover, the Fifth Circuit Court of Appeals recognizes that the Eleventh Amendment bars recovery of money damages under section 1983 from Texas Department of Criminal Justice officers in their official capacity. *Oliver v. Scott*, 276 F.3d 736, 742 (5th Cir. 2002). Therefore, plaintiff's official capacity claims for damages against the Board and the Director must be dismissed with prejudice.[3]

Further, no viable section 1983 claim against the Director in his individual capacity has been pleaded. A supervisory official may be held liable under section 1983 if there is personal involvement in a constitutional deprivation, a causal connection between the

---

[3] Although plaintiff states that claims for injunctive relief are not barred by the Eleventh Amendment, his complaint sets forth no factual allegations giving rise to a claim for prospective injunctive relief. To the contrary, his claims for judicial relief are expressly limited to recovery of monetary damages. (Docket Entry No. 1, p. 20–21.)

supervisor's wrongful conduct and a constitutional deprivation, or if a supervisory official implements a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force behind the constitutional deprivation. *Thompkins v. Belt*, 828 F.2d 298 (5th Cir. 1987). Plaintiff has not pleaded factual allegations showing that the Director was personally involved in a deprivation of plaintiff's constitutional rights, that wrongful conduct by the Director was causally connected to a deprivation of plaintiff's constitutional rights, or that the Director himself implemented a constitutionally deficient policy which was the moving cause behind a denial of plaintiff's constitutional rights.

Even assuming plaintiff were to have alleged facts raising a viable section 1983 claim, monetary damages would remain barred. To pursue recovery of damages under section 1983 predicated on the alleged wrongful denial of mandatory supervised release, plaintiff must prove that the challenged sentence or Board decision has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *See Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994); *see also McGrew v. Tex. Bd. of Pardons & Paroles*, 47 F.3d 158, 160–61 (5th Cir. 1995). Plaintiff states that the Board granted him mandatory supervised release at his annual hearing in May 2014. This allegation, however, does not establish that the Board's prior denials of such release (which form the basis for plaintiff's claims in this lawsuit) have been set aside for purposes of *Heck*. Nor has plaintiff satisfied the requirements of *Heck* by showing that his earlier section 2254

habeas case was dismissed as moot.  Consequently, plaintiff's claims for monetary damages in this lawsuit must be dismissed as barred by *Heck*.  *See Harris v. Stephens*, 647 F. App'x 309, 310 (5th Cir. 2016).

The Court is of the opinion that plaintiff has pleaded his best possible case in his pending complaint.  This lawsuit is DISMISSED WITHOUT PREJUDICE as barred by Eleventh Amendment immunity and by *Heck*, and for failure to state a viable claim under section 1983.  All pending motions are DENIED AS MOOT.

Signed at Houston, Texas on December 30, 2016.

_____
Gray H. Miller
United States District Judge